**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ALFREDO MARTINEZ** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **EXACTA, LLC d/b/a PUBLIC HOUSE** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff, Alfredo Martinez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Exacta, LLC d/b/a Public House (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendant's failure to pay Plaintiff wages and overtime wages.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4.  Plaintiff Alfredo Martinez is a former employee of Defendant who was employed by Defendant in this judicial district.

1

5.     Plaintiff Alfredo Martinez handled materials such as dishes, glassware, and utensils that were not manufactured in the state of Illinois.

6.     Plaintiff Alfredo Martinez handled materials such as liquor, coffee, and napkins that were not manufactured in the state of Illinois.

7.     During the course of his employment, Plaintiff Alfredo Martinez handled goods and materials that moved in interstate commerce and performed non-exempt work.

8.      Defendant Exacta, LLC d/b/a Public House ("Public House") is an Illinois corporation doing business within this judicial district. Defendant Public House is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9.     Defendant Public House has annual gross sales of $500,000 or more.

10.     Defendant Public House was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

11.     Defendant operates a restaurant located at 400 North State Street in Chicago, Illinois.

12.     Plaintiff Alfredo Martinez worked as a barback.

13.     Plaintiff was paid bi-weekly.

14.     In the three years prior to filing this Complaint, Plaintiff worked more than 40 hours in a workweek and was not paid the premium rate of one and half times his regular rate.

15.      During the pay period beginning on August 22, 2016 and ending on September 4, 2016, Plaintiff worked more than 40 hours each week of that pay period but was not paid all of his wages nor was he paid overtime wages in violation of state and federal law.

16.     Attached hereto as Exhibit A is Plaintiff's check stub for the pay period ending on September 4, 2016 and receipts kept by Plaintiff from Defendant's electronic time keeping system showing he worked overtime hours.

17.     During the pay period ending on August 7, 2016, Plaintiff worked more than 40 hours each week of the pay period but he was paid for only 79.43 at his regular hourly rate.

18.     Attached hereto was Exhibit B is Plaintiff's check stub for the pay period ending on August 7, 2016 and receipts kept by Plaintiff from Defendant's electronic time keeping system showing he worked overtime hours.

19.      There were other weeks where Plaintiff was not paid wages and overtime wages for all hours worked.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendant's failure to pay overtime wages to Plaintiff.

21.     Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

22.     Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23.     During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

24.     Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week.

25.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

26.      Defendant did not compensate Plaintiff at a rate of one and one-half times his regular rate for time they worked in excess of 40 hours in individual workweeks.

27.     Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28.     Defendant's failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half times the greater of the minimum wage or his regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby reallege and incorporate paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

30.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiff brings

this action pursuant to 820 ILCS 105/12(a).

31.     At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

32.     During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

33.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate for time worked in excess of 40 hours per week.

34.     Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

35.     Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

36.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half times the State mandated minimum wage rate for all time which Plaintiff worked in excess of 40 hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorney fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Fair Labor Standards Act – Minimum Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

37.     This Count arises from Defendant's violation of the FLSA for their failure to pay Plaintiff the federally mandated minimum wages for all time worked.

38.     During the course of Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked.

39.     Plaintiff was entitled to be paid at least the federal minimum wage for all time worked.

40.     Defendant's failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

41.     Defendant willfully violated the FLSA by refusing to pay Plaintiff for all hours worked.

42.     Plaintiff is entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendant's failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of unpaid minimum wages for all hours that Plaintiff worked;

B.     Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiff is found to be due and owing;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
**Violation of the Illinois Minimum Wage Law – Minimum Wages**

Plaintiff hereby reallege and incorporate paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

43.     This count arises from Defendant's violation of the IMWL for Defendant's failure and refusal to pay Plaintiff for all time they worked.

44.     During the course of his employment with Defendant, Plaintiff was not compensated at the Illinois minimum wage rate.

45.     Plaintiff was entitled to be paid the Illinois minimum wage for all time worked.

46.     Defendant failed to pay Plaintiff for all time worked.

47.     Defendant's failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

48.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorney fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages**

Plaintiff hereby realleges and incorporate paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

7

49.    This count arises from Defendant's violation of the IWPCA for Defendant's unlawful deductions from Plaintiff's pay.

50.    Defendant deducted from Plaintiff's pay as shown above.

51.    Defendant did not have authority from Plaintiff to deduct from his pay.

52.     Defendant's deductions violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.    A judgment in the amount of all unlawful deductions taken, as provided by the Illinois Wage Payment and Collection Act;

B.    Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorney fees and costs of this action as provided by the Illinois Wage Payment and Collection Act; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  July 22, 2019                    **ALFREDO MARTINEZ**

By:   /s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com

8